UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

IN RE: BIOMET M2a MAGNUM HIP )
IMPLANT PRODUCTS LIABILITY )
LITIGATION (MDL 2391) )  CAUSE NO. 3:12-MD-2391
)
)
)
This Document Relates to All Cases )
)

SCHEDULING ORDER

Having reviewed the parties' scheduling recommendations and heard their arguments at the December 7, 2015 conference, the court sets forth the following timelines to handle the docket through resolution of dispositive pretrial matters and core discovery. In light of the impending holidays, the dates have been calculated from January 1, 2016.

1. In all cases in which an answer was filed more than 90 days before the date of this order, amendments to the pleadings shall be closed 90 days from the date of this order, or 30 days after service of a materially sufficient Defendant Fact Sheet, whichever is later. In all other cases, amendments to the pleadings shall be closed 30 days after service of a materially sufficient Defendant Fact Sheet.

2. Cases now pending as well as any future cases filed in or transferred to this MDL involving *pro se* litigants and cases in which a Biomet metal-on-polythene device ("MoP") was initially implanted in a plaintiff are stayed, and the discovery obligations set forth in this order don't apply to these cases. The discovery provided by Biomet in response to paragraphs 5 and 6 of this order,

however, do apply to every case in this MDL, including any case stayed by this order.

3. Statute of Limitations

A. Within **30 days after the date of this order**, plaintiffs whose cases are listed on Exhibit A attached to this order will provide:

i. Interrogatory responses corresponding to these questions from Biomet's originally proposed Plaintiff Fact Sheet (this order doesn't preclude objections by a plaintiff or plaintiffs):

• When did you first contemplate obtaining an attorney regarding any of the injuries alleged in your complaint?

• When did you first contact an attorney regarding any of the injuries alleged in your complaint? (This question asks for the first contact with any attorney, including but not limited to your present attorney).

• Since you received your M2a device, have you had any social media accounts, including but not limited to Facebook, Twitter, MySpace, and LinkedIn? If so, for each account, state the social media website, the user name(s), the associated email address(es), and the approximate date the account was created.

ii. If a particular plaintiff has provided information and releases that would allow Biomet to acquire the documents from the plaintiff's healthcare providers, Biomet also may propound these document requests from Biomet's originally proposed Plaintiff Fact Sheet (this order doesn't preclude objections by a plaintiff or plaintiffs) for records that a plaintiff possessed:

• All medical records from any physician, hospital or health care provider who has treated you for any injury, illness and/or disease identified in response to the Plaintiff Fact Sheet.

• All radiographs (x-rays, ultrasounds, MRIs, CT scans) that relate to the condition and injuries alleged in your complaint or that show any portion of your hip and/or depict the M2a device.

B. Beginning **February 29, 2016** and continuing through **May 29, 2016,** all plaintiffs whose cases are listed on Exhibit A to this order will be deposed. The PSC and Biomet will meet and confer before **February 14, 2016** about the order in which the plaintiffs whose cases are listed on Exhibit A will be deposed. The depositions will be scheduled in conjunction with a plaintiff's counsel of record, who should expect to represent the plaintiff at the deposition; the PSC may, but isn't required to attend these depositions. Once the order and dates of depositions are agreed to, Biomet can't adjourn a deposition; should a plaintiff fail to attend a deposition without good cause, Federal Rule of Civil Procedure 37(d)(3) might require dismissal upon a motion by Biomet.

C. Biomet shall serve summary judgment motions in the cases listed on Exhibit A by **June 28, 2016**. The PSC (or a plaintiff's counsel of record, if the PSC agrees) shall serve responses by **July 28, 2016**. Biomet shall file the motions, responses, and its replies with the court by **August 7, 2016**. I will schedule oral arguments on the motions as necessary.

If the motion asserts grounds other than the statute of limitations, the PSC may seek additional time in which to conduct discovery on those additional issues, in accordance with Federal Rule of Civil Procedure 56(d).

4. Spoliation / Explanted Device Not Available

A. By **January 30, 2016**, plaintiffs whose cases are listed on Exhibit B attached to this order will provide:

    i.    Interrogatory responses corresponding to these questions from Biomet's originally proposed Plaintiff Fact Sheet (this order doesn't preclude objections by a plaintiff or plaintiffs):

• When did you first contemplate obtaining an attorney regarding any of the injuries alleged in your complaint?

• When did you first contact an attorney regarding any of the injuries alleged in your complaint? (This question asks for the first contact with any attorney, including but not limited to your present attorney).

• Since you received your M2a device, have you had any social media accounts, including but not limited to Facebook, Twitter, MySpace, and LinkedIn? If so, for each account, state the social media website, the user name(s), the associated email address(es), and the approximate date the account was created.

ii. If a particular plaintiff has provided information and releases that would allow Biomet to acquire the documents from the plaintiff's healthcare providers, Biomet also may propound these document requests from Biomet's originally proposed Plaintiff Fact Sheet (this order doesn't preclude objections by a plaintiff or plaintiffs) for records that a plaintiff possessed:

• All medical records from any physician, hospital or health care provider who has treated you for any injury, illness and/or disease identified in response to the Plaintiff Fact Sheet.

• All radiographs (x-rays, ultrasounds, MRIs, CT scans) that relate to the condition and injuries alleged in your complaint or that show any portion of your hip and/or depict the M2a device.

B. Beginning on **March 30, 2016** and continuing through **July 28, 2016** all plaintiffs whose cases are listed on Exhibit B will be deposed. The PSC and Biomet will meet and confer before **March 15, 2016** about the order in which the plaintiffs whose cases are listed on Exhibit B will be deposed. The depositions will be scheduled in conjunction with a plaintiff's counsel of record, who should expect to represent the plaintiff at the deposition; the PSC may, but isn't required to

attend these depositions. Once the order and dates of depositions are agreed to, Biomet can't adjourn a deposition; should a plaintiff fail to attend a deposition without good cause, Federal Rule of Civil Procedure 37(d)(3) might require dismissal upon a motion by Biomet.

C. Before **June 28, 2016** the PSC and Biomet will meet and confer and select ten representative cases — five chosen by the PSC and five chosen by Biomet — from the cases listed on Exhibit B. For these cases, the PSC, in conjunction with plaintiffs' counsel of record, can select one witness involved in the post-explant chain of custody of the device for deposition, as can Biomet. These depositions must be completed by **August 12, 2016**.

D. Biomet shall serve its summary judgment motions in the ten representative cases drawn from Exhibit B by **August 27, 2016**. The PSC (or a plaintiff's counsel of record, if the PSC agrees) shall serve responses by **September 26, 2016**. Biomet shall file the motions, responses, and its replies with the court by **October 6, 2016**. I will schedule oral arguments on the motions as necessary.

E. The PSC contends that motions based on spoliation and/or failure to preserve an explanted device are state law-driven and should be reserved to the transferor courts. In some instances I would, and still may, agree. But Biomet represents that its argument in the Exhibit B cases will be that a plaintiff failed to comply with this court's preservation order included in the October 12, 2012 order. Issues of failure to comply with a federal court's order should pose no state law issues, and alleged violations of a federal court order are to be resolved by the issuing court. If a summary judgment motion under this paragraph should exceed these parameters, counsel should call it to my attention.

5. By **January 30, 2016**, the PSC shall provide an initial list of requested deponents from the 67 custodians that Biomet already produced, in order of priority. The PSC shall complete the depositions of the people on the initial list by **September 26, 2016**. To the extent Biomet may object to a

5

particular custodian being deposed, the parties may file a joint memorandum, not to exceed 10 pages, of the disagreements that remain after meeting and conferring about the dispute. No formal motion will be required. I will hear argument when necessary.

6. By **May 29, 2016**, the PSC shall provide a supplemental list of requested deponents from the 67 custodians and others whose names arise in the first wave of custodian depositions, in order of priority. The PSC shall complete the depositions of the people on the supplemental list by **December 26, 2016**. To the extent Biomet may object to a particular custodian being deposed, the parties may file a joint memorandum, not to exceed 10 pages, of the disagreements that remain after meeting and conferring about the dispute. No formal motion will be required. I will hear argument when necessary.

7. From the cases not subject to discovery in accordance with paragraphs 2, 3 and 4 of this order, by **February 29, 2016**, I will activate a pool of 50 cases ("Group 1") for case-specific discovery. The pool will consist of the oldest pending cases in this MDL and cases the PSC or Biomet ask to move into Group 1 for good cause, such as a plaintiff's failing health. Completed and updated medical records authorizations for the Group 1 cases shall be provided to Biomet by **March 30, 2016**.

8. The parties may engage in case-specific discovery relating to the Group 1 cases until **September 26, 2016**. Such discovery may include interrogatories, requests for production, requests for admission, and depositions of (a) the plaintiffs, (b) the implanting surgeon, (c) the revising surgeon, (d) the Biomet representative who processed the request for the product used during the implant surgery, (e) any separate Biomet representatives who were present in the

operating room during the implant or revision surgery, and (f) one additional fact witness per side.

The depositions will be scheduled in conjunction with a plaintiff's counsel of record, who should expect to represent the plaintiff at the deposition; the PSC may, but isn't required to attend these deposition.

The PSC objected to the possibility of so many depositions being taken before remand. I agree with the PSC that the number of depositions could stretch the PSC too thin, but believe that the involvement of counsel of record (who likely prefer to participate in depositions relating to their clients) will reduce the burden on the PSC. Further, it's my task under 28 U.S.C. § 1407 to get these cases as close to trial-ready as is reasonable before remanding them to transferor courts, so taking the depositions before remand seems more consistent with the MDL process. Finally, as contemplated by the MDL process, taking the depositions within the MDL rubric will allow them to be scheduled so as to minimize the burden on Biomet and (to the extent it decides to attend the depositions) the PSC.

9. From the cases not subject to discovery in accordance with paragraphs 2, 3 and 4 of this order, by **May 29, 2016**, the court shall activate a second pool of 50 cases ("Group 2") for case-specific discovery. The pool will consist of the next oldest pending in cases in this MDL and cases the PSC or Biomet ask to move into Group 2 for good cause, such as a plaintiff's failing health. Completed and updated medical records authorizations for the Group 1 cases shall be provided to Biomet by **June 28, 2016**.

10. The parties may engage in case-specific discovery relating to the Group 2 cases until **December 26, 2016**. Such discovery may include interrogatories, requests for production, requests for admission, and depositions of (a) the plaintiffs, (b) the implanting surgeon, (c) the revising surgeon, (d) the Biomet representative who processed the request for the product used during the

implant surgery, (e) any separate Biomet representatives who were present in the operating room during the implant or revision surgery, and (f) one additional fact witness per side.

The depositions will be scheduled in conjunction with a plaintiff's counsel of record, who should expect to represent the plaintiff at the deposition; the PSC may, but isn't required to attend these deposition.

11. Within **90 days after** the activation of Group 2, the court will confer with the parties regarding management of the remaining cases.

12. The PSC shall submit its general (*i.e.*, not case-specific) expert reports, with deposition dates for all such experts, by **February 23, 2017**. Biomet shall submit its general export reports, with deposition dates for all such experts, by **March 25, 2017**. Depositions of the plaintiffs' experts may begin on **April 4, 2017**, and shall be completed by **May 4, 2017**. Depositions of the defendant's experts may begin on **June 4, 2017**, and shall be completed by **July 3, 2017**.

Biomet sought a timetable that would be sixty days shorter. Biomet's timetable is consistent with the court's concern that some plaintiffs in this docket have been waiting since 2012. But in light of the limited manpower available to the PSC, I think the PSC's estimate of needed time is more reasonable.

13. With regard to the parties' general experts, all summary judgment motions and motions directed at admissibility under Federal Rule of Evidence 702 shall be filed by **July 18, 2017**. Response briefs shall be filed by **August 17, 2017**, and reply briefs shall be filed by **August 27, 2017**. I will schedule oral arguments on the motions as necessary. Motions that are heavily dependent upon the unique law of a specific state (other than Indiana) may be left to the transferor court following remand.

SO ORDERED.

ENTERED:   December 21, 2015

    /s/ Robert L. Miller, Jr.    
Robert L. Miller, Jr., Judge
United States District Court

EXHIBIT A

| No. | Plaintiff Name | Case Number | State of Residence |
|---|---|---|---|
| 1 | Balajadia, Kathy | 3:13-cv-725 | California |
| 2 | Brown, Linda | 3:14-cv-1470 | Alabama |
| 3 | Centers, Brenda | 3:14-cv-1457 | Kentucky |
| 4 | Cutter, Abigail | 3:15-cv-434 | Washington |
| 5 | Fahy, John | 3:15-cv-218 | Minnesota |
| 6 | Gaffney, James | 3:14-cv-1649 | South Carolina |
| 7 | Grenier, Stacy Rene | 3:13-cv-087 | Arkansas |
| 8 | Guynn, Marion | 3:14-cv-1784 | California |
| 9 | Martinez-Diaz, Miguel | 3:13-cv-1374 | Puerto Rico |
| 10 | McWilliam, Joseph | 3:15-cv-286 | Texas |
| 11 | Miles, Dynel E. | 3:14-cv-1983 | Florida |
| 12 | Moxley, Mark | 3:14-cv-310 | Ohio |
| 13 | Nelson, Eric | 3:14-cv-1540 | Illinois |
| 14 | Pizzitolo, Vincent | 3:12-cv-570 | Louisiana |
| 15 | Reilly, William | 3:13-cv-031 | Michigan |
| 16 | Rowe, Rosalee A. | 3:15-cv-068 | New Mexico |
| 17 | Slater, Kimberly | 3:14-cv-1055 | Ohio |
| 18 | Speegle, Bess | 3:14-cv-359 | Alabama |
| 19 | Strange, Wilma | 3:14-cv-1654 | South Carolina |

EXHIBIT B

| No. | Plaintiff Name | Case Number | State of Residence |
|---|---|---|---|
| 1 | Abrecht, Kathy | 3:15-cv-298 | Maryland |
| 2 | Arndt, Janice | 3:14-cv-946 | North Carolina |
| 3 | Baker, Virginia | 3:15-cv-147 | Alabama |
| 4 | Bauman, Jerry | 3:14-cv-1783 | Kansas |
| 5 | Bell, Virginia | 3:14-cv-617 | Alabama |
| 6 | Bemis, Kimberly | 3:14-cv-562 | Colorado |
| 7 | Bingham, Phyllis | 3:14-cv-1896 | California |
| 8 | Bourgeouis, Danny | 3:14-cv-1382 | Louisiana |
| 9 | Broderick, Joan W. | 3:14-cv-2052 | New York |
| 10 | Brodeur, Ronald | 3:15-cv-045 | New York |
| 11 | Bryant, Richard | 3:14-cv-984 | Ohio |
| 12 | Burton, John Knox & Bonnie Guthrie | 3:15-cv-081 | Virginia |
| 13 | Cannon, Judith | 3:15-cv-132 | California |
| 14 | Cecil, Joseph | 3:14-cv-1712 | Kentucky |
| 15 | Chisolm, Yolanda F | 3:14-cv-1647 | North Carolina |
| 16 | Colon, Victor | 3:15-cv-299 | Illinois |
| 17 | Crouse, Michael | 3:14-cv-1108 | Colorado |
| 18 | Davis, Larnene | 3:14-cv-1713 | Ohio |
| 19 | Deboe, Janet | 3:14-cv-990 | Missouri |
| 20 | DeJesus, Griseth | 3:14-cv-1505 | Florida |
| 21 | Denno, Muriel | 3:14-cv-1041 | California |
| 22 | Donaldson, John | 3:14-cv-1061 | California |
| 23 | Eastman, Deborah | 3:15-cv-362 | Washington |
| 24 | Forister, Mary Jane | 3:14-cv-866 | Missouri |
| 25 | Gaffney, James Tillman | 3:14-cv-1649 | South Carolina |
| 26 | George, Edward | 3:15-cv-166 | Texas |
| 27 | Glasser, Nina P. | 3:14-cv-2057 | Kentucky |
| 28 | Gonzalez, Veronica | 3:14-cv-2034 | Nevada |
| 29 | Graves, Beverly | 3:15-cv-270 | Ohio |
| 30 | Gronning, John | 3:14-cv-516 | Pennsylvania |
| 31 | Hollins, Guan | 3:15-cv-272 | Missouri |
| 32 | Holmes, George | 3:14-cv-737 | Delaware |
| 33 | Jones, Jacquelyn | 3:13-cv-1008 | Louisiana |
| 34 | Keys, Marilyn | 3:14-cv-393 | South Dakota |
| 35 | Knowles, Carolyn & Kenneth | 3:14-cv-1097 | Maryland |
| 36 | Krebs, Patricia | 3:15-cv-300 | Nevada |
| 37 | Marous, George | 3:14-cv-768 | Ohio |
| 38 | McAbee, James & Vivian | 3:14-cv-2035 | South Carolina |

| | | | |
|---|---|---|---|
| **39** | Medlin, Daniel | 3:14-cv-1244 | Louisiana |
| **40** | Milligan, Glen W | 3:14-cv-1582 | Florida |
| **41** | Parr, Darlene & James | 3:14-cv-945 | Missouri |
| **42** | Paulsen, John | 3:14-cv-2095 | Texas |
| **43** | Perez, Kim | 3:15-cv-158 | New York |
| **44** | Salemy, Cheryl | 3:15-cv-349 | Massachusetts |
| **45** | Sagrilla, Phyllis | 3:13-cv-851 | Ohio |
| **46** | Steeley, Jo Anne | 3:15-cv-209 | Kentucky |
| **47** | Stewart, Mary E. | 3:14-cv-1482 | Mississippi |
| **48** | Turner, Lana | 3:12-cv-569 | Louisiana |
| **49** | Wright, Doris | 3:15-cv-357 | Nevada |